**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PETRY HERNANDEZ-GRANADOS,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

**CASE NO.** 5:26-CV-05837-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 2, 2026, Petitioner Petry Hernandez-Granados ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The same day, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due October 5, 2026. (ECF No. 4.) However, as of the date of this Order, no Notice of Appearance has been filed. (*See generally* docket.)

///

The Court understands that, if Respondents have not filed a Notice of Appearance within four days after service with the Court's Notice of General Order 26-05 and Briefing Schedule, this indicates that Respondents have deliberately chosen not to oppose the Petition. "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the facts, the Court is satisfied that the Petition sets forth a claim that Petitioner, having been supervised by ICE through the Intensive Supervision Appearance Program for years, had a protected liberty interest in his continued freedom from custody, and that his re-detention—without prior notice or a meaningful opportunity to be heard—violated due process and merits relief. (Pet. ¶¶ 13–17.) *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Perez Bueno v. Janecka*, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Petitioner seeks, *inter alia*, immediate release from custody and an order enjoining Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter at which Respondents bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Petry Hernandez-Granados (A 213-014-940)** from custody within 24 hours of entry of this Order; and
3. Respondents are ENJOINED from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter at which Respondents bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

DATED: October 7, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE